IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISER KORICKI MIGUELACHULI, BERTHA MIGUELACHULI, <br><br>Plaintiffs, <br><br>v. <br><br>RG PREMIER BANK OF P.R., RG INVESTMENT CORP.; RG MORTGAGE CORPORATION, <br><br>Defendants/Third Party Plaintiffs, <br><br>v. <br><br>MAIDA KORICKI LIBEZUK (A.K.A. MAIDA NUSSBAUM); EDWARD NUSSBAUM (A.K.A. ED MUSSBAUM) AND THE LEGAL CONJUGAL PARTNERSHIP COMPRISED BETWEEN THEM, <br><br>Third Party Defendants. | CIVIL NO. 10-1730 (DRD/CVR) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

The Federal Deposit Insurance Corporation (hereinafter "FDIC"), as the receiver for above defendant R-G Premier Bank, removed above plaintiffs' state action[1] to this federal court pursuant to Title 12, United States Code Annotated, Section 1819 and Title 28, United States Code Annotated, Section 1331.

---

[1] The state complaint submitted RG defendant was negligent in the mismanagement of plaintiffs' investment properties upon payment of accrued interest in a GNMA's certificates not to plaintiffs but to a third party. Partial judgment had been entered finding RG liable for the claims and still pending was a determination of plaintiffs' amount of damages.

On December 2, 2010, the FDIC filed a Motion to Dismiss for plaintiffs having failed to comply with mandatory administrative claims process as set forth by Title 12, United States Code, Section 1821(d)(3) through 13, Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. No. 101-73, 103 Stat. 183 (1989) (hereafter "FIRREA"). (Docket No. 9). On December 9, 2010, plaintiffs filed their opposition. (Docket No. 10). After plaintiff filed an Amended Complaint to include additional defendants, FDIC submitted a reply to plaintiffs' opposition. (Docket No. 15). Plaintiffs were allowed to file a response which was submitted on December 24, 2010. (Docket No. 17). On April 4, 2011, these motions were referred to this Magistrate Judge for report and recommendation. (Docket Nos. 21 and 22).

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissal may be warranted for failure to state a claim upon which relief can be granted. To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a

complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiff will now have to include more information in the pleadings if he/she wants to survive a 12(b)(6) motion. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007).[2]

The First Circuit has cited to this decision and noted this new standard in Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), copied in part below:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Twombly, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession [**8] for 50 [*96] years, this famous observation has earned its retirement." *Id.* at 1968, 1969.

Similarly under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the factual statements of the complaint are considered true, indulging every reasonable inference helpful to plaintiffs' cause. However, the tenet that a court must accept as true all the

---

[2] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

allegations contained in a complaint is inapplicable to legal conclusions and mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1949 (2009).

In addition, most recently the Court of Appeals for the First Circuit examined dismissal under Twombly[3] and Iqbal,[4] allowing for survival of dismissed political discrimination claims and noticed the pleading standard was considered sufficient under a plausible claim examination. *See* Carmen M. Ocasio Fernandez v. Fortuño Burset, 2011 WL 1228768, No. 09-2207, slip op. (April 1, 2011). Defendant FDIC requests dismissal on failure to exhaust administrative claims which is a mandatory provision.

We shall briefly examine, for the contention presented by both parties insofar as dismissal and exhaustion of administrative remedies is limited.

**LEGAL ANALYSIS**

Defendant FDIC submits Congress has provided within its federal authority to enact the regulatory requirements necessary to determine the timing and the amount of asset distributions as to those failed financial institution the FDIC has been appointed as receiver, to include herein RG Bank. Towards achieving said goal, a statutory procedure for the orderly and efficient processing of claims; to wit, the administrative claims process which centralizes and resolves claims to be received by date certain referred as "claims-bar date."

---

[3] In Twombly the Supreme Court affirmed the dismissal of an anti-trust class action suit filed under Section 1 of the Sherman Act.

[4] Iqbal involved a Section 1983 filed by a detainee who had been held in a detention center in the wake of the September 11, 2011 terrorist attacks and submitted the detention was based from unconstitutional racial, ethnic and religious discrimination.

The administrative claims process is a mandatory prerequisite to commence or continue litigation by withdrawing jurisdiction from all courts to hear claims against the failed financial institution, except as provided by Section 1821(d), which are those claimants who have completed the administrative process. Title 12, United States Code, Sections 1821(d)(6)(A)(ii), (d)(7)(A), (d)(8)(C). As such, courts lack jurisdiction over claims asserted against the FDIC as a receiver prior to exhaustion of the administrative claims process. *See* Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995).

Plaintiffs' opposition does not contest the need for the exhaustion of the administrative process. The opposition is grounded in that, by the claims-bar date, which both parties agree was in the present case August 4, 2010, plaintiffs had sent by certified mail post-marked on said date, their proof of claim[5] to the FDIC and as such, deposit in the mail is sufficient and timely.

On the other hand, the FDIC submits the post-marked date of documents is insufficient, for the claim must be also received and filed with the receiver by the claim-bar date of August 4, 2010, and it was not until after August 10, 2010 that the documents were received by the FDIC. Thus, the FDIC considers the document was filed on August 10, 2010, for which the claim of proof is considered late and no timely exhaustion of administrative proceedings was effected by plaintiffs. Hence, in the absence of exhaustion, this district court lacks jurisdiction to entertain plaintiffs' complaint and it should be

---

[5] A proof of claim under FIRREA's claim process identifies the claimant and the nature of the claim and provide documentation in support of the right to relief against the failed depository institution.

dismissed.  The FDIC further argues in its reply that the proof of claim must be filed and not merely deposited in the mail for it to be considered timely.  As such, those claims which are filed after the date specified, in the present case by August 4, 2010, not as received on August 10, 2010, are to be disallowed.

The meaning of the word "file" in the particular provisions related to this type of administrative actions, contrary to the Federal Rules and the courts interpretation of civil cases, requires actual receipt, custody and delivery of the document, not merely deposit in the mail stream.

**A. Exhaustion of Administrative Claims.**

Insofar as the FDIC defendant, the FIRREA regulates the filing, determination, and payment of claims against assets of failed financial institutions once the FDIC has been appointed as receiver.  Any creditor shown in the failed institution books has at least ninety (90) days for filing claims and should submit an administrative claim to the FDIC within said prescribed statutory period. Section 1821(d) of Title 12. Participation in the administrative claims review process is mandatory and acts as a jurisdictional bar to judicial review.  As such, Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in said Section 1821. *See* 12 U.S.C. §1821(d)(13)(D).[6]   When an administrative claims has not been filed or

---

[6]  *See* Title 12, United States Code, 1821(d)(13)(D):
   (D) Limitation on judicial review
    Except as otherwise provided in this subsection, no court shall have jurisdiction over—
      (I) any claim or action for payment from, or any action seeking a determination of rights with respect
        to, the assets of any depository institution for which the Corporation has been appointed receiver,
        including assets which the Corporation may acquire from itself as such receiver; or
      (ii) any claim relating to any act or omission of such institution or the Corporation as receiver."

cannot be timely filed, the claim cannot be entitled to judicial review. Heno v. F.D.I.C., 20 F.3d 1204, 1207 (1st Cir. 1994).

FIRREA provides very limited exceptions to this time bar. Section 1821(d) prescribes a single exception to the pre-bar date filing requirement: it permits late-filed claims *only if* the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date; and ... such claim is filed in time to permit payment of such claim. 12 U.S.C. 1821(d)(5)(C)(ii).[7] Such is not the situation in the present case.

Thus, there is no dispute that administrative proceedings before the FDIC must have been exhausted prior to this district court exercising jurisdiction, which is construed also to require the FDIC to disallow a timely filed claim for completion of exhaustion. Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992) (FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institution, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver);[8] Michael A. De Freitas, J.D., *Exhaustion of remedies requirement under Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA)*, 122 ALR Fed. 519 (1994).

---

[7] The First Circuit stated since Heno v. FDIC, 20 F.3d 1204, the FDIC has implicitly interpreted exhaustion of administrative remedies are required for both pre-receivership and post-bar date claims. *See* RTC Mortg. Trust 1994-N2 v. Haith, 133 F.3d 574, 580 (8th Cir. 1998).

[8] Since administrative process should follow even if the lawsuit was initiated prior to FDIC appointment, it is not relevant to discuss herein plaintiffs' arguments the partial state judgment had already found liability from RG Premier and only amount of damages was pending when the FDIC removed the case to this federal court.

**B. Timeliness.**

Plaintiffs' sole argument as to this jurisdictional bar is that their claim is to be considered filed by just placing it in the stream of mail matters on the last date it was due, August 4, 2010, regardless if it was received by the FDIC some time thereafter. Meanwhile, the FDIC submits for the claim to be considered filed, it should have been received by such date of August 4, 2010, and not on August 10, 2010.

The documentation attached to the FDIC's Motion to Dismiss clearly indicates plaintiffs were notified the claim bar date to be August 4, 2010, date by which the proof of claim was to be presented before the agency. It therein refers the claimant must present the properly completed proof of claim and the supporting documentation to the Receiver on or before the Claims Bar Date reference in the above subject captioned. (Docket No. 9-1, Letter of July 21, 2010). In addition, the request for dismissal filed with the Court shows a verified statement by Ms. Rita Enstminger stating she was the person in charge to log and track claims process for R-G Premier Bank for administrative claims processing. The statement further submits the FDIC complied with all notices and established as August 4, 2010, the Claims Bar Date. Plaintiffs herein submitted the Proof of Claim on August 10, 2010, that is, six (6) days after the date fixed. (*Id.*, Docket No. 9-3).

The FDIC defendants submit that, upon plaintiffs' failure to file a timely administrative claim, the Court is devoid of subject matter jurisdiction. The FDIC has construed a timely filed claim as one that is received by the required date and not merely deposited in the mail. Deference is warranted for an administering agency's interpretation

of its statutes, when Congress has not directly spoken to the question at issue. Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781-82 (1984). An agency interpretation is permissible, unless it is considered arbitrary, capricious or manifestly contrary to the statute. The main purpose of the provisions is to provide a stream lined, prompt and orderly fashion, without lengthy litigation as to claims of failed institutions. *See* H.R. Conf. Rep. No. 101-222, at 397 (1989), reprinted in 1989 U.S.C.C.A.N. 432, 436; Coit Independence Joint Venture v. FSLIC, 489 U.S. 561, 109 S.Ct. 1361 (1989).

Congress has clearly delegated to the FDIC the authority to prescribe regulations regarding the allowance of claims. Section 1821(d)(4).[9] The Supreme Court has held that deference should be accorded to the FDIC's established administrative practices, as manifested here by its internal manual procedures, even if the FDIC had not posited its statutory interpretation as a specific regulation. FDIC v. Philadelphia Gear Corp., 476 U.S. 426, 439, 106 S.Ct. 1931, 1938-39 (1986).

The FDIC defendant submits timely filing means to have received the claim of proof not as plaintiffs herein averred on August 4, 2010, when they mailed said claim, but when in fact in was received and filed with the agency by August 10, 2010, and thus untimely.

The interpretation of filing date required as date of receipt can by analogy be compared to the date a complaint is received in a clerk's office. The date of receipt and not

---

[9] The Corporation may prescribe regulations ... providing for administrative determination of claims and review of such determination. 12 U.S.C. §1821(d)(4).

Iser Koricki et al. v.  FDIC, receiver RG Premier, et al
Civil No. 10-1730 (DRD-CVR)
Report and Recommendation
Page No. 10

---

the mailing date is the date a complaint is considered to have been filed for purposes of determining whether a complaint is timely filed.[10]  <u>Kareem v. F.D.I.C.</u>, 2010 WL 2943149 (D.C.C. 2010).

Similarly, for receipt by the Internal Revenue (hereafter "IRS") of documents required on date certain, a special regulation was developed so as to allow a time of deposit in the mail but limited to those certain instances so as to avoid hardship resulting from strict application of the rule.  Otherwise, without that regulation, the date of compliance for date certain with the IRS would have been the date of receipt and not the mailing date. <u>Skolski v. C.I.R.</u>, 351 F.2d 485 (3d Cir. 1965); 26 U.S.C.A. §7502, IRC §7502, 26 C.F.R. §301.7502-1(c)(1)(ii(a).[11]

The FDIC established administrative practice of interpreting its statute, even when not reduced to specific regulation, may be entitled to deference even if less than the <u>Chevron</u> deference.  <u>Federal Deposit Ins. Corp. v. Philadelphia Gear Corp.</u>, 476 U.S. 426, 439, 106 S.Ct. 1931, 1938-39 (1986). *See* <u>Com. Of Mass. v. F.D.I.C.</u>, 102 F.3d 615, 621 (1st Cir. 1996) (creditors must file their claims with FDIC-Receiver by date specified in a published notice).

---

[10]  Fed.R.Civ.P. 6 provides for the computing of time to the effect when the clerk's office would be considered closed and timely filing is to be calculated.  It nowhere includes deposit with the postal service as filing date.

[11]  Although the legislative history is sparse, the point made clear is the "... new section applies in the case where documents (other than returns) are mailed to the proper office within the time prescribed by the internal-revenue laws, as indicated by the postmark on the envelope, and are received by that office after such time has expired.  In such case, the document is deemed timely filed." See H.Rept. No. 1337, 83d Cong., 2d Sess. A434 (1954); S. Rept. No. 1622, 83d Cong., 2d Sess. 615 (1954).

<u>Iser Koricki et al. v. FDIC, receiver RG Premier, et al</u>
Civil No. 10-1730 (DRD-CVR)
Report and Recommendation
Page No. 11

---

Claims, as the one in the instant case which are not filed by the specified date, are thus considered time-barred.

## CONCLUSION

In accordance with above discussed, plaintiffs have not properly exhausted their administrative proceedings because they submitted, presented and/or filed their proof of claims outside the claim bar date indicated.

Thus, it is recommended that defendant FDIC's Motion to Dismiss for failure to exhaust administrative proceedings and, thus, for lack of jurisdiction in the instant case be GRANTED. (Docket No. 9). As a result, it is recommended the instant case be DISMISSED.

IT IS SO RECOMMENDED.

The parties have a specific shorter term to oppose this report and recommendation since the presiding judge has filed a notice with the order of referral of April 4, 2011, indicating it had set aside the three (3) day term provided by Local Rule 5.1. and reducing to five (5) business days the time to object.[12]

---

[12] The order indicates:

The parties are reminded that any objections to the Magistrate's Report and Recommendation must be filed with the Clerk of Court "within fourteen (14) days afer being served with a copy thereof," **which the Court has reduced to five (5) business days** in the instant case. Fed.R.Civ.P. 72(b)(2); Fed.R.Civ.P. 6(c)(1)(B), and Local Rule 72(d); *see also* 28 U.S.C. § 636(b)(1). Fed.R.Civ.P. 72(b) "adds a provision **not in the statute**, by stating that 'a party may respond to another party's objections within [14 days] of being served with a copy thereof.'" . . . The legislative history of Section 636(b)(1)(C) reveals that Congress intended that these matters be governed by local rules." (Emphasis ours). 12 Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d § 3070.1. Moreover, Fed.R.Civ.P. 6(c)(1)(B) allows the Court to change the time set by the Federal Rules of Civil Procedure, with the exceptions provided by Fed.R.Civ.P. 6(b)(2).

**The parties are forewarned that no extensions of time shall be authorized to the parties to file objections to the R&R and that failure to submit the objections within the deadline provided shall be deemed by the Court as objections being waived. Furthermore, the Court hereby set aside the three (3) days term provided by Local Rule 5(e).** *See, U.S. v. Diaz-Villafane,* 874 F.2d 43, 46 (1st Cir. 1989)(*quoting Braxton v. Bi-State Dev. Agency,* 728 F.2d 1105, 1107 (8th Cir. 1984) "[i]t is for the district court to determine what departures

<u>Iser Koricki et al. v. FDIC, receiver RG Premier, et al</u>
Civil No. 10-1730 (DRD-CVR)
Report and Recommendation
Page No. 12

---

    San Juan, Puerto Rico, this 26th day of April of 2011.

                                            s/CAMILLE L. VELEZ-RIVE
                                            CAMILLE L. VELEZ-RIVE
                                            UNITED STATES MAGISTRATE JUDGE

---

from its rules may be overlooked")). No replies to the objections to an R&R will be allowed without leave of Court, as provided by Local Rule 7(c). Furthermore, the provisions of Local Rule 7(c) are subject to the time constraints of the Court, such as the reportable date of the motion subject of the R&R, and the provisions of Local Rule 1(f). (emphasis in original). Docket No. 31.