UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISER KORICKI MIGUELACHULI; BERTHA MIGUELACHULI,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF R-G PREMIER BANK OF P.R.; R-G INVESTMENT CORPORATION; R-G MORTGAGE CORPORATION,<br><br>Defendants/ Third Party Plaintiffs,<br><br>v.<br><br>MAIDA KORICKI LIBEZUK (T.C.C. MAIDA NUSSBAUM); EDWARD NUSSBAUM (T.C.C. ED NUSSBAUM); AND THE LEGAL CONJUGAL PARTNERSHIP BETWEEN THEM,<br><br>Third Party Defendants. | Civil No. 10-1730 (DRD) |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court are: (1) *Motion to Dismiss for Failure to Exhaust Mandatory Administrative Claims Process,* (Docket No. 9), filed by The Federal Deposit Insurance Corporation ("FDIC" or "Defendant"), as receiver of R-G Premier Bank of Puerto Rico ("R-G Premier"); (2) *Memorandum in Opposition to Motion to Dismiss,* (Docket No. 10), filed by Plaintiffs Iser Koricki-Miguelachuli and his mother Bertha Miguelachuli ("Plaintiffs"); (3) FDIC's *Reply to Koricki's Opposition to Dismiss,* (Docket No. 15); and (4) Plaintiffs' *Short Response to Defendants' Reply*, (Docket No. 17).

On April 4, 2011, all issues were referred to United States Magistrate Judge Camille Vélez-Rivé ("Magistrate Judge") for a *Report and Recommendation*, (Docket No. 21).  On April 26, 2011, the Magistrate Judge entered the *Report and Recommendation*, (Docket No. 23), recommending the dismissal of the case, and granting the parties until May 3, 2011 to object.  The Magistrate Judge recommended that the FDIC's *Motion to Dismiss for Failure to Exhaust Mandatory Administrative Claims Process,* (Docket No. 9), for lack of jurisdiction be granted, *see Report and Recommendation*, Docket No. 23.  On April 29, 2011, Plaintiffs timely submitted their objection to the *Report and Recommendation*, (Docket No. 26).   On May 4, 2011, Defendant presented their reply to Plaintiffs' opposition to the Magistrate Judge's *Report and Recommendation*, (Docket No. 27).[1]  Plaintiffs' filed a *Short Response to Defendants' Reply*, (Docket No. 29), without leave of Court.

The issue in the instant case is whether or not the administrative claim mailed by the Plaintiffs on August 4, 2010, was timely filed.  Plaintiffs first filed a state complaint against R-G Premier and partial judgment was entered against R-G Premier. (Docket No. 7).  On April 30, 2010, the FDIC became the receiver of R-G Premier, and this matter was removed to the federal court, pursuant to 12 U.S.C. § 1819 and 28 U.S.C. § 1331.  (Docket No. 23).   In compliance with the provisions of the Financial Institutions Reform Recovery and Enforcement Act of 1989 ("FIRREA"), the FDIC sent a letter dated July 21, 2010 with a notice to Plaintiffs as creditors, with general information which included: the Claims Bar Date, a Proof of Claim Form, and instructions for

---

[1]  The Court notes that the Plaintiffs filed a "Short Response to the FDIC's Reply".  (Docket No. 29).  The Court finds that this reply is to be stricken from the record on two grounds: (a) it was filed without prior leave of Court, see Rule 7 c, of the Local Rules of the United States District Court for the District of Puerto Rico, and after receiving the document the Court finds that Plaintiffs' allegations are merely a rehash of their previous arguments.  *See Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007); *Federal Deposit Insurance Corporation v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).

completing the Proof of Claim Form.  *See* Docket No. 9-1.  The letter specifically notified the Plaintiffs of the requirement to submit a Proof of Claim by August 4, 2010, the Claims Bar Date. (Docket No. 9-1).  Notwithstanding, on August 4, 2010, the Plaintiffs placed in the mail, by certified mail, the administrative Proof of Claim.  The FDIC received and filed Plaintiffs' Proof of Claim on August 10, 2010.  (Docket No. 9-2).  On December 2, 2010, the FDIC filed a *Motion to Dismiss for Failure to Exhaust Mandatory Administrative Claims Process*, (Docket No. 9), as set forth by 12 U.S.C. § 1821(d)(3)-(13) (2010).  Plaintiffs filed their opposition on December 9, 2010.  (Docket No. 10).

## Standard of Review

"The District Court may refer dispositive motions to a United States Magistrate Judge for a *Report and Recommendation*".  28 U.S.C. § 636(b)(1)(B) (2011); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); Rule 72 of the Local Rules for the District of Puerto Rico ("Local Rules").  *Mathews v. Weber*, 423 U.S. 261 (1976).  As a general rule, an adversely affected party may contest the Magistrate Judge's *Report and Recommendation* by filing its objections within fourteen (14) days after being served a copy thereof.  Local Rule 72; Fed.R.Civ.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1)C, in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

However, "[a]bsent objection by the Plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation."  *Templeman v. Chris Craft Corp.*, 770 F.2d

245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985).  Moreover, "[f]ailure to raise objections to the *Report and Recommendation* waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992).  *Henley Drilling Co. v. McGee*, 36 F.3d 143,150-151 (1st Cir. 1994) (holding that specific objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir. 1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised").  *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford  Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).  **"Hence, the standard for review of an objected report and recommendation is *de novo* review of those matters properly objected."** (Emphasis ours).  *Borden*, 836 F.2d 4, 6. "The Court therefore proceeds, as the *Report and Recommendation*, (Docket No. 23), has been objected, to review the *Report* of the Magistrate Judge *de novo*, as to those parts that have been objected." Id.  For the reasons set forth below, the *Report and Recommendation*, (Docket No. 23), is adopted *in toto,* as supplemented herein.

## The Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") provides that a complaint will be dismissed for "failure to state a claim upon which relief can be granted."  "So, when the allegations in a complaint, however true, fall short of a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by

the parties and the court.'" (Citations omitted). *Bell Atlantic Corporation, et al. v. Twombly, et al.*, 550 U.S. 544 (May 21, 2007). In *Twombly*, 550 U.S. at 555 and 570, the Court held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... (citations omitted) ... a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). **Factual allegations must be enough to raise a right to relief above the speculative level**, *see* 5 C. Wright & Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004).
>
> . . .
>
> Here, in contrast, we do not require heightened fact pleading of specifics, **but only enough facts to state a claim to relief that is plausible on its face**. Because the plaintiffs here have not nudged their claims across the line from **conceivable to plausible**, their complaint must be dismissed. (Emphasis ours).

*See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the **statements need only 'give the defendants fair notice of what the . . . claim is and the grounds upon which it rests'**") (quoting *Twombly*, 550 U.S. at 555). (Emphasis ours).

In *Twombly*, 550 U.S. at 562-563, the Court held:

> We could go on, but there is no need to pile up further citations to show that ***Conley's* "no set of facts" language** has been questioned, criticized, and explained away long enough. To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. **But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement**. (Emphasis ours).

Thus, the new standard under *Twombly* is that a claim for relief must contain allegations that "are plausible on its face." *See also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (May 18, 2009).  In *Sepúlveda-Villarini v. Department of Education of Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010), SOUTER, J., as Associate Justice (Ret.), the Court held:

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed.R.Civ.P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). **The make-or-break standard, as the district court recognized, is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief**. *Ashcroft v. Iqbal*, ―― U.S. ――, 129 S.Ct. 1937, 1950–51, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 570); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (footnote and citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. **The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully**." Id. at 1949 (citations omitted).  (Emphasis ours).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and reiterated at *Iqbal*, 129 S.Ct. 1937.  "Context based" means that plaintiff must allege facts that comply with the basic elements of the cause of action. *See Iqbal*, 129 S.Ct. at 1949-1950 (explaining the basic required elements of a *Bivens* claim and thereafter concluding that facts were not sufficiently provided, leaving only conclusory statements).

First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements

of a cause of action. *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009)(quoting *Iqbal*, 129 S.Ct. 1937) (internal quotation omitted).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Id. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. Id. Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009).

A complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Similarly, unadorned factual assertions are inadequate as well. *Penalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." Id. at 596.

## Legal Analysis

Plaintiffs' opposition to the *Report and Recommendation*, (Docket No. 26), is now before this Court, as well as FDIC's objection (Docket No. 27). The main issues are: (a) whether Plaintiffs' Proof of Claim was timely "filed" with the FDIC; and (b) whether Plaintiffs failed to exhaust the administrative remedies by not filing the Proof of Claim on time.

In a nutshell, Plaintiffs allege that the FDIC's letter of July 21, 2010 violates their right to

due process for "lack of notice".  *See* Docket No. 26, p.3, ¶11.  The FDIC's letter of July 21, 2010,

specifically provides:

> [F]or the Receiver to consider your claim, you must do ALL of the
> following:
>
> > a) Complete the enclosed Proof of Claim Form,
> > b) Sign the Proof of Claim Form,
> > c) Provide supporting documentation
>
> **You must present the properly completed Proof of Claim Form
> and the supporting documentation to the Receiver on or before
> the Claims Bar Date** referenced in the above subject caption.  **If you
> do not file your claim on or before the Claims Bar Date, the
> Receiver will disallow your claim.**  (Emphasis ours).  Return the
> completed Proof of Claim Form along with the supporting
> documentation, to the following address:
>
> > FDIC as Receiver of
> > R-G PREMIER BANK OF PUERTO RICO
> > 7777 Baymeadows Way West
> > Jacksonville, FL 32256
> > Attention: Creditor Claims Agent

Plaintiffs allege that the FDIC violated their due process by failing to warn them that the

Proof of Claim will be considered "filed" by the agency when it is physically received by the FDIC,

as opposed to be placed in the mail on the Claims Bar Date.  Moreover, Plaintiffs allege that the

FDIC failed to provide: (a) definition of "filing" in the July 21, 2010 letter;  and, (b) an electronic

filing address to submit the Proof of Claim.  The Court notes that Plaintiffs failed to cite any

statutory provision in support of their argument.

The FDIC's objection is two-fold: (a) Plaintiffs' argument regarding the FDIC's alleged due

process violation for failure to include a definition of "filing date" of the claim, is untimely, as

Plaintiffs failed to include said argument on their opposition to FDIC's motion to dismiss, in order

to be considered by the Magistrate Judge prior to the issuance of the report and recommendation; and

(b) Plaintiffs are barred to raise new arguments after the *Report and Recommendation* has been entered. "New arguments cannot be offered at subsequent stages of the proceedings and cannot be presented to object a magistrate judge's report and recommendation." *See* Docket No. 27, p. 2, ¶ 2. *See also Maurice v. State Farm Mut. Auto Ins. Co.*, 235 F.3d 7, 10 (1st Cir. 2000), Docket No. 27, p. 2, ¶ 2.

Plaintiffs' new argument as to the interpretation regarding the "filing date" was not timely and properly argued in their *Opposition to the FDIC's Motion to Dismiss*, (Docket No. 9), which is silent as to the legal grounds that support Plaintiffs' personal and convenient interpretation of "filing date." Hence, Plaintiffs' efforts again run afoul of the time limitations imposed by law. *See* Docket No. 26, p.3 ¶ 1. The FDIC respectfully requests that this Court deem Plaintiffs' new arguments as waived; to adopt the *Report and Recommendation,* (Docket No. 23)*,* in its entirety; and, to dismiss the action filed against the FDIC - with prejudice - based on Plaintiffs' failure to comply with the mandatory administrative claims process, as set forth in 12 U.S.C. § 1821(d)(3)-(13). *See* Docket No. 26, p.6 ¶1. The Court agrees with the FDIC's arguments, and briefly explains.

The Court is not persuaded by Plaintiffs' allegations on the following grounds: (a) the arguments of defective notice and the alleged violation of due process were not raised in Plaintiffs' *Opposition to Dismiss*, (Docket No. 10), hence, they are deemed untimely; and (b) upon Plaintiffs' failure to exhaust the administrative remedies, i.e. the timely filing of the Proof of Claim with the FDIC on or before August 4, 2010, bars the federal court from subject matter jurisdiction. Hence, the dismissal of the instant case is warranted.

Plaintiffs further contend that:

> [F]rom the various methods of filing claims in the administrative process, there is no uniform rule about the filing process applicable

to all administrative agencies, but each agency may have its own rule about the filing process that may differ from one to another. Because of the fact that there are different methods and rules for filing claims in the administrative agencies, when you examine the Defendant's notice, there is an absolute silence and failure of a particular expression. *See* Docket No. 26, ¶ 7.

Plaintiffs allege, after the *Report and Recommendation* has been entered, (Docket No. 23), that "there was no warning that the word 'file' has a jurisdictional effect on the Proof of Claim requiring an actual receipt in the hands of the FDIC, on or before a specific date (Claims Bar Date), and not merely to deposit in the mail the Proof of Claim." *See* Docket No. 26, ¶ 8. Moreover, Plaintiffs claim that "[i]n the FDIC  notice, no other address was given except the above postal address to file the Proof of Claim.  No electronic filing address was notified as available to file the Proof of Claim." *See* Docket No. 26, ¶ 5. However, Plaintiffs failed to provide the statutory citation or regulation that allows the filing of the FDIC's Proof of Claim by electronic mail and/or that the FDIC has a statutory obligation to furnish an electronic mail address for claimants to file the claim electronically. Hence, Plaintiffs' argument is not supported on any legal grounds, thus the Court considers the same meritless.

For the reasons set forth below the Court finds that Plaintiffs' claim was untimely filed with the FDIC, and therefore, this Court lacks subject matter jurisdiction ("jurisdictional bar," as expressed in *Heno v. FDIC*, 20 F.3d 1204, 1207 (1st Cir. 1994)) to entertain this case. Moreover, because Plaintiffs failed to object the findings made by the Magistrate Judge based on the arguments submitted to the Court prior to the issuance of the *Report and Recommendation*, the standard for review is one of "clearly erroneous."  *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d at 605. There is no obvious "clear error" in the analysis made by the Magistrate Judge in her decision, as explained *infra*.

A.      **FDIC's Receivership**.

As stated by the Magistrate Judge's *Report and Recommendation,* (Docket No. 23, pages 4-5, ¶ 4):

> [D]efendant FDIC submits Congress has provided within its federal authority to enact the regulatory requirements necessary to determine the timing and the amount of asset distributions as to those failed financial institutions the FDIC has been appointed as receiver, to include herein R-G Premier Bank.  Towards achieving said goal, a statutory procedure for the orderly and efficient processing of claims; to wit, the administrative claims process which centralizes and resolves claims to be received by date certain referred as "Claims-Bar Date."  The administrative claims process is a mandatory prerequisite to commence or continue litigation by withdrawing jurisdiction from all courts to hear claims against the failed financial institution, except as provided by Section 1821(d), which are those claimants who have completed the administrative process. 12 U.S.C. § 1821(d)(6)(A)(ii), (d)(7)(A), (d)(8)C (2010).   As such, courts lack subject matter jurisdiction over claims asserted against the FDIC as a receiver prior to exhaustion of the administrative claims process.  *Simon v. FDIC*, 48 F.3d 53, 56 (1st Cir. 1995).

Plaintiffs do not contest the FDIC's receivership.  Hence, the issue before this Court is the procedure followed by the FDIC under FIRREA.

B.      **Timeliness of the Proof of Claim: "Filed vs. Received."**

The meaning of the word "file," in the particular provisions related to this type of administrative actions, contrary to the specific provisions of Rule 6 of the Federal Rules of Civil Procedure, and the courts' interpretation of civil cases, requires actual receipt, custody, and delivery of the document, not merely to deposit the claim in the mail stream on the due date.[2]  *See* Docket No. 26, ¶ 10.  Plaintiffs' sole argument as to this jurisdictional bar is that their claim is to be considered "filed" by just placing it in the mail stream on or before the claim's  due date, that is,

---

[2]      For easy reference the Court verified the "filing date" definition in Black's Law Dictionary - Ninth Edition, West 2009: "Generally, the date when any document is **delivered** to the appropriate authority." (Emphasis ours).

August 4, 2010, regardless of the date of receipt by the FDIC.  Conversely, Defendant argues that

in order for the claim to be truly filed, it should have been received on or before the Claims Bar Date

of August 4, 2010, not August 10, 2010.

The documentation attached to the *FDIC's Motion to Dismiss,* (Docket No. 9), clearly shows

that Plaintiffs were duly notified of the Claims Bar Date, that is, August 4, 2010.  The FDIC's letter,

of July 21, 2010, evidently states that "**if you do not file your claim on or before the Claims Bar**

**Date, the Receiver will disallow your Claim**." (Emphasis ours).  (Docket No. 9-1).  Furthermore,

the completed Proof of Claim and the supporting documentation, as for FDIC's letter of July 21,

2010, **"must be filed with the Receiver on or before the Claims Bar Date."**  (Emphasis ours).

(Docket No. 9-1).  Additionally, FDIC's  request for dismissal includes a verified statement from

Ms. Rita Enstminger stating she oversees the receivership claims process for R-G Premier Bank.

*See* Docket No. 9-3, ¶ 2.  Ms. Enstminger also "log and track creditor claims that are filed as part

of the administrative claims process for R-G Premier Bank receivership."  Id.  FDIC's  statement

further submits that it had complied with all the statutory notice requirements, provided under

FIRREA, by establishing August 4, 2010, as the Claims Bar Date.  However, the record shows that

Plaintiffs' Proof of Claim was received by the FDIC, which is the appropriate authority, on

August 10, 2010, that is, six days after the established Claims Bar Date.  *See* Docket No. 9-3.

The FDIC further argues that, upon Plaintiffs' failure to file a timely administrative claim,

the Court lacks subject matter jurisdiction. *See FDIC's Motion to Dismiss for Failure to Exhaust*

*Administrative Claims Process*, (Docket No. 9, pages 4-6, specifically the collection of cases cited

at pages 5-6).  As to the definition of "filing," the FDIC alleges that, "deference is warranted to the

interpretation of the statute of an administrative agency, when Congress has not directly spoken to

the question at issue." *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984).

In *Nickols v. FDIC*, 9 F.Supp 2d 137, 142 (D.Conn. 1998), the District Court further found "... [t]hat the better approach is to look to the plain language of the statute and the agency's interpretation of the filing requirement." Furthermore, "Section 1821(d)(5)(F)(I) uses the phrase 'the filing of a claim *with* the receiver.'" Id. "**Filing a claim with an entity certainly connotes actual receipt of the claim by the agency**." (Emphasis ours). Id. "Unless it is considered arbitrary, capricious or manifestly contrary to the statute, an agency's interpretation is acceptable." *Chevron*, 467 U.S. at 843-44. "If the statute is silent or ambiguous with respect to the specific issue, the Court must then look to the agency's interpretation of the statute to determine whether is based on a permissible construction of the statute." *Nickols*, 9 F.Supp.2d at 141, citing *Chevron*, 467 U.S. at 843.

12 U.S.C. § 1821 (d)(3)-(13) governs the claims' procedure under FIRREA. *See Report and Recommendation*, Docket No. 23, p. 9, ¶ 2.

> Congress has clearly delegated to the FDIC the authority to prescribe regulations regarding the allowance of claims. 12 U.S.C. § 1821(d)(4). The Supreme Court has held that deference should be accorded to the FDIC's established administrative practices, as manifested here by its internal manual procedures, even if Defendant had not posited its statutory interpretation as a specific regulation. *FDIC v. Philadelphia Gear Corp.*, 476 U.S. 426, 439 (1986).

In *Heno v. FDIC*, 20 F. 3d at 1207, the Court acknowledged that "FIRREA's Section 1821(d) regulates the filing, determination, and payment of 'claims' against 'assets' of failed financial institutions after the FDIC has been appointed receiver." Id. Additionally, "Subsections 1821(d)(3)(B) and C require FDIC to publish and mail notice of liquidation to 'any creditor shown

on the institution's books' and to allow at least ninety days for filing 'claims.' 12 U.S.C. § 1821(d)(3)(B), C." Id. "As FDIC points out, anyone with a 'claim' against the assets of the failed institution **must submit an administrative claim to the FDIC within the prescribed statutory period**. Id. 12 U.S.C. § 1821(d)(5)C.  (Emphasis ours).

"[F]IRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions ..." *Marquis v. FDIC*, 965 F.2d 1148, 1151 (1st Cir.1992) (citing *Meliezer v. RTC,* 952 F.2d 879, 882 (5th Cir.1992)). **"Failure to participate in the administrative claims review process (hereianfter "ACRP") is a 'jurisdictional bar' to judicial review."** (Emphasis ours).  *Heno*, 20 F. 3d at 1207, citing *Marquis*, 965 F.2d at 1151; 12 U.S.C. § 1821(d)(13)(D); and, citing *FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3rd Cir.1991) ( "Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in Section 1821(d)").  *See also  Shain, Schaffer & Rafanello*, 944 F.2d at 132  (citing *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 391 (3d Cir.1991); *Resolution Trust Corp. v. Elman*, 761 F.Supp. 245 (S.D.N.Y.1991); *In Re First City Nat'l Bank & Trust Co.*, 759 F.Supp. 1048, 1050 (S.D.N.Y.1991)).

In *Heno*, 20 F. 3d at 1209, (citing *Chevron*, 467 U.S. at 842–843), the Court held:

> Under the statutory interpretation implicit in its internal manual procedures, FDIC construes the pivotal statutory bar-date exception in subsection 1821(d)(5)(C)(ii) - 'the claimant did not receive notice of the appointment of the receiver in time to file such claim before [the bar] date -  as permitting [a] late filing *even by claimants who were on notice of the FDIC's appointment* but could not file their claim because it did not come into existence until after the Bar Date prescribed in subsections 1821(d)(3)(B)(I) and 1821(d)(5)(C)(I).

The factual scenario in the instant case is similar to *Nickols*, wherein the main issue "is what constitutes the 'filing' of an administrative Proof of Claim with the FDIC, under FIRREA."

-14-

*Nickols v. FDIC*, 9 F.Supp. 2d at 141. "However, 'filing' has been interpreted more broadly in other contexts ... and 'filing' is not defined by the statute." Id.

In *Nickols*, 9 F.Supp.2d at 142, the Court further held:

> We think that the better approach is to look to the plain language of the statute and the agency's interpretation of the filing requirement. *See Chevron, supra.* **Section 1821(d)(5)(F)(I) uses the phrase "the filing of a claim *with* the receiver." Filing a claim with an entity certainly connotes actual receipt of the claim by the agency.** (Emphasis ours).

The Magistrate Judge made the following analysis in the *Report and Recommendation*,

(Docket No. 23, pages 9-10, ¶ 4):

> [T]he FDIC Defendant submits timely filing means to have received the claim of proof when in fact it was received and filed with the agency by August 10, 2010, not as Plaintiffs herein averred on August 4, 2010 when they mailed said claim, and thus untimely. The interpretation of filing date required, as date of receipt, can by analogy be compared to the date a complaint is received in a clerk's office. The date of receipt and not the mailing date is the date a complaint is considered to have been filed for purposes of determining whether a complaint is timely filed. *Kareem v. FDIC*, 2010 WL 2943149 (D.C.C. 2010). Similarly, for receipt by the Internal Revenue Service ("IRS") of documents required on date certain, a special regulation was developed so as to allow a time of deposit in the mail, but is limited to those certain instances so as to avoid hardship resulting from strict application of the rule. Otherwise, without that regulation, the date of compliance for date certain with the IRS would have been the date of receipt and not the mailing date. *Skolski v. C.I.R.*, 351 F.2d 485 (3rd Cir. 1965); 26 U.S.C. § 7502 (1998), IRC § 7502 (1998), 26 C.F.R. § 301.7502-1(c)(1)(ii)(a) (2011). The FDIC established administrative practice of interpreting its statute, even when not reduced to specific regulation, may be entitled to deference, even if less than the *Chevron* deference. *Federal Deposit Ins. Corp. v. Philadelphia Gear Corp.*, 476 U.S. 439 (1986). *Com. Of Mass. v. FDIC*, 102 F.3d 615, 621 (1st Cir. 1996) (holding that creditors must file their claims with FDIC-Receiver by date specified in a published notice).

12 U.S.C. § 1821(d)(3)C (2010) provides that: "The receiver shall mail a notice similar to the notice published under subparagraph (B)(I) at the time of such publication to any creditor shown on the institution's books."  However, "the Ninth Circuit panel first observed that, while 12 U.S.C. § 1821(d)(3)C makes the mailing of a notice mandatory for the FDIC, **it imposes no consequence for the failure to do so.**" (Emphasis ours).  *Sapp v. FDIC*, 876 F.Supp. 249, 253 (D. Kan. 1995). "FIRREA expressly gives relief from the Bar Date to claimants who do not receive notice of receivership but does not provide the same relief to claimants who do not receive notice of the administrative Claims Bar Date."  Id.

From the language of 12 U.S.C. § 1821(d)(3)C the receiver, FDIC, is not statutorily required to provide an electronic mail address in the notice to submit the Proof of Claim.  Although it appears to be contrary to the statute, Sapp, 876 F.Supp. at 255, establishes that: **"... the receiver is not required to provide a notice of the administrative Claims Bar Date to the creditors on the institution books, and failure to do so does not excuse claimants for submitting their Proof of Claim on time."** (Emphasis ours).

12 U.S.C. § 1821(d)(5)(C)(I) (2010) provides that: "Except as provided in clause (ii), claims filed after the date specified in the notice published under paragraph (3)(B)(I) shall be disallowed and such disallowance shall be final."  As an exception to the rule, "Clause (I) shall not apply with respect to any claim filed by any claimant after the date specified in the notice published under paragraph (3)(B)(I) …" 12 U.S.C. § 1821(d)(5)(C)(ii) (2010).  Furthermore, "… such claim may be considered by the receiver if (I) the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date; and (II) such claim is filed in time to permit payment of such claim."  Id.  Evidently, the situation in this case does not relieve Plaintiffs from submitting the

required Proof of Claim on time, since they indeed received notice of the appointment of the receiver in time to file the claim.  Hence, neither exception is applicable to the instant factual scenario.

Even if Plaintiffs can prove that the receiver: (a) failed to notify them with sufficient time of the established Claims Bar Date, or (b) failed to give notice to the creditors shown in the institution books, or c failed to provide an electronic mailing address in the notice to the creditors, (which FDIC is not statutorily required to do), these alleged reasons do not relieve Plaintiffs from "filing" their Proof of Claim before the Claims Bar Date, that is, August 4, 2010.

According to the FDIC's internal manual procedures, "if a claim is sent via a delivery service, it must be **received** by the FDIC."  (Emphasis ours).  *Nickols*, 9 F.Supp. 2d at 142.  In *Nickols*, the copy of "the notice of the claim sent via Eastern Connection could not have been received by the FDIC until the day after the statute of limitations had run and, therefore, would not constitute a timely filing."  Id.  In the case at bar, plaintiffs sent by certified mail, their Proof of Claim on the Claims Bar Date, that is, August 4, 2010.  Plaintiffs' Proof of Claim was received by the FDIC on August 10, 2010, that is, six days after the due date.  Consequently, Plaintiffs' mailing attempt does not constitute a timely filing.[3]

A review of the FDIC's July 21, 2010 letter clearly shows that Section 1821(d) Claims Bar Date for filing administrative claims was August 4, 2010, and since the letter detailing Plaintiffs' claim predated the Bar Date established by the FDIC, Plaintiffs had no excuse to file a late claim pursuant to Section 1821(d).  Hence, Plaintiffs' Proof of Claim was not entitled to judicial review, as being jurisdictionally barred for not filing the same under the provided statutory time period.

---

[3]      Plaintiffs have further failed to identify any contrary regulation which deems filing to be complete by merely placing in the mail the required document.

It is well settled that claims, as the one alleged in the instant case, which was not filed on or before the specified bar date, is considered time-barred. If the claim is untimely filed, then the FDIC may disallow that claim on the ground that claimant failed to exhaust the administrative remedies. If the claimant fails to timely exhaust administrative remedies, the Court lacks subject matter jurisdiction. *See Heno v. FDIC,* 20 F.3d at 1208-1209. The FDIC determination, however, shall not be interpreted as a violation of due process, as the FDIC's disallowance of the Claim is permissible under the statute. 12 U.S.C. § 1821(d)(13)(D) (2010).

**C.    Exhaustion of Administrative Remedies vs. Lack of Federal Jurisdiction**.

The Court incorporates *in toto* the well expressed analysis made by the Magistrate Judge in the *Report and Recommendation*, (Docket No. 23, pages 6-7, ¶ 4):

> Insofar as the FDIC Defendant, the FIRREA regulates the filing, determination, and payment of claims against assets of failed financial institutions once the FDIC has been appointed as receiver. Any creditor shown in the failed institution books has at least ninety (90) days for filing claims and should submit an administrative claim to the FDIC within said prescribed statutory period. 12 U.S.C. § 1821(d). Participation in the administrative claims review process is mandatory and acts as a jurisdictional bar to judicial review. As such, Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in said Section 1821. 12 U.S.C. § 1821(d)(13)(D) (2010). **When an administrative claim has not been filed or cannot be timely filed, the claim is not entitled to judicial review**. *Heno v. FDIC,* 20 F.3d 1204, 1207 (1st Cir. 1994). FIRREA provides very limited exceptions to this time bar. Section 1821(d) prescribes a single exception to the pre-bar date filing requirement: it permits late-filed claims *only if* the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date; and ... such claim is filed in time to permit payment of such claim. 12 U.S.C. 1821(d)(5)(C)(ii). Thus, there is no dispute that administrative proceedings before the FDIC must have been exhausted prior to this Court exercising jurisdiction, which is construed also to require the FDIC to disallow a timely filed claim for completion of exhaustion*. Marquis v. FDIC*, 965 F.2d 1148, 1151

> (1st Cir. 1992) (FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institution, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver); Michael A. De Freitas, J.D., *Exhaustion of Remedies Requirement under Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA)*, 122 ALR Fed. 519 (1994).  (Emphasis ours).

In the instant case, the record is explicitly clear that: (a) the FDIC complied with the statutory notice requirement provided by 12 U.S.C. §1821 (d)(3)C; (b) Plaintiffs received the FDIC's notice prior to the Claims Bar Date.  The Court notes that this fact is not contested by the Plaintiffs.  Hence, Plaintiffs have only themselves to blame for their failure to promptly deliver the Proof of Claim to the FDIC, on or before August 4, 2010, allowing for the timely receipt of the claim.

### A Final Note

On June 27, 2011, the R-G Mortgage Corporation ("R-G Mortgage"), the R-G Investment Corporation ("R-G Investment"), and the FDIC-R, as receiver of R-G Premier Bank, filed an *Informative Motion on the Relationship Between the FDIC-R and RG Mortgage, RG Investment,* (Docket No. 32).  The purpose of the informative motion, which remains uncontradicted, was to inform the Court that the FDIC had been appointed receiver of R-G Premier Bank only. Hence, all the statutory defenses raised by the FDIC are applicable **only** as to R-G Premier Bank, and do not extend to R-G Mortgage Corporation and R-G Investment Corporation.  In view of the foregoing, any action pending by Plaintiffs against R-G Mortgage and R-G Investment are dismissed without prejudice, as the Court lacks subject matter jurisdiction.  There being no diversity nor a federal cause of action against these entities, the case is remanded to the state court for further proceedings.  The Court notes that judgment had already been entered against R-G Mortgage and R-G Investment, and

that the Supreme Court of Puerto Rico had already denied the request for *certiorari*.  *See* Docket No. 7, Exhibit No. 7-12.

**Conclusion**

For the reasons stated above, and after reviewing *de novo* the objected portions of the Magistrate Judge's *Report and Recommendation*, (Docket No. 23), the Court hereby adopts and incorporates the Magistrate Judge's *Report and Recommendation*, as supplemented herein, to the instant Opinion and Order.  Therefore, Defendants' *Motion to Dismiss for Failure to Exhaust Mandatory Administrative Claims Process,* (Docket No. 9)*,* is hereby GRANTED.  Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of July, 2011.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. District Judge